# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-1230

———————————————

Timothy G. Brown; Tracy L. Brown

*Plaintiffs - Appellants*

v.

Continental Resources, Inc., an Oklahoma Corporation

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the District of South Dakota - Western

——————————

Submitted: October 19, 2022
Filed: January 27, 2023

——————————

Before KELLY, WOLLMAN, and KOBES, Circuit Judges.

——————————

KOBES, Circuit Judge.

Continental Resources, Inc. operates an input well on Timothy and Tracy Browns' land in Harding County, South Dakota. The Browns sued Continental, seeking compensation for damage to the surface of their land and Continental's use

of their pore space.  The district court[1] granted summary judgment to Continental, and we affirm.

## I.

Multiple agreements governed Continental's use of the Browns' land.  In the 1970s, the Browns' predecessor signed oil and gas leases with Continental's predecessor.  According to Continental, the leases gave its predecessor rights to conduct enhanced oil recovery operations by operating input wells, meaning the predecessor could pump fluid down a well to generate pressure that would push oil toward producing wells.  Continental and the Browns later inherited these rights and duties.

In 2010, Continental asked the Browns if it could drill a new well on their land, and the Browns agreed.  Before Continental started working on the well, the parties signed two documents:  the Surface Use Drilling Agreement and the Pipeline Agreement.  The parties now disagree about the meaning of these agreements, which we discuss in more detail below.

Continental eventually built an oil production well on the land.  In 2016, Continental decided that it could put the well to better use, and got the state's permission to convert it into an input well.

To create enough pressure below the ground, Continental needed more water. Continental and the Browns agreed that Continental could build and use a pipeline on the land.  After agreeing with the Browns, Continental realized that it needed to pump much more water into the ground to repressurize other wells in the area.  To do this, Continental started trucking water to the well, across the Browns' land.

---

[1]The Honorable Karen E. Schreier, United States District Court for the District of South Dakota.

The Browns sued Continental in state court, seeking damages under S.D.C.L. Chapter 45-5A for injuries to the surface of their land and the use of their pore space.[2] Continental removed the case to federal court, and twice moved for partial summary judgment. The district court granted both motions, finding that the Browns: (1) released Continental from liability for surface damage; and (2) could not recover damages under South Dakota law for Continental's pore space use. The Browns appeal.

## II.

We review the grant of summary judgment *de novo*. *Rynders v. Williams*, 650 F.3d 1188, 1194 (8th Cir. 2011). "Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Rau v. Roberts*, 640 F.3d 324, 327 (8th Cir. 2011).

## A.

We first turn to the Browns' surface damage claim. Continental argues that the Drilling and Pipeline Agreements released it from liability for the alleged harm. We agree.

"Contract interpretation is a question of law . . . ." *Vander Heide v. Boke Ranch, Inc.*, 736 N.W.2d 824, 831 (S.D. 2007) (citation omitted). Contractual language is only rendered ambiguous "when it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *Id.* at 836 (citation omitted).

The Browns claim that Continental's trucking operation caused surface damage because the trucks used to move water to the well left a pasture unusable.

---

[2]Pore space is the void space in rocks below the surface.

The Drilling Agreement let Continental drive its trucks across the Browns' land for oil and gas activities, but the Browns argue that the Agreements only contemplated oil extraction operations. Because the surface damage came from Continental's input operations, the Browns insist that the Agreements did not release Continental from liability. We disagree.

The Agreements' terms are plain and unambiguous. The Drilling Agreement gave Continental "[f]ull rights and access to use . . . [the Browns'] Land as [was] reasonably necessary for operation of all oil and gas activity," which included using roads "across and through [the Browns'] Land." The Drilling Agreement also released Continental "from any and all surface damages, included [sic] but not limited to all damages relating to drilling and completing the Well, constructing the initial access road and installing buried power lines." Like the Drilling Agreement, the Pipeline Agreement broadly released Continental from "any and all surface damages, included [sic] but not limited to all damages relating to installation of the initial pipelines."

Continental drove its trucks across the Browns' land in connection with its input and oil recovery operations. The Agreements contemplated Continental's activities and released it from "any and all surface damages" flowing from these operations.[3] Because the Browns cannot recover, the district court did not err in granting Continental summary judgment on the surface damage claim.

---

[3]It is no matter that the releases did not specify damages connected to Continental's input activities. As we have suggested, "[t]he words, including but not limited to, ordinarily mean that a list is incomplete and only illustrative in nature." *Dan's Super Mkt., Inc. v. Wal-Mart Stores, Inc.*, 38 F.3d 1003, 1006 n.2 (8th Cir. 1994).

B.

Moving to the Browns' pore space claim, Continental argues that the harm the Browns assert is not compensable under South Dakota law. We agree.[4]

The Browns seek damages under S.D.C.L. Chapter 45-5A. Under § 45-5A-4, a mineral developer is liable for "[1] loss of agricultural production, [2] lost land value, and [3] lost value of improvements caused by mineral development." The Browns do not seek damages for any of these enumerated harms. Rather, they suggest that they have suffered compensable harm by virtue of Continental's use of their pore space. While § 45-5A-4 does not expressly say that lost use is compensable, the Browns note that § 45-5A-2, Chapter 45-5A's "Purpose" section, entitles them to "the maximum amount of constitutionally permissible protection . . . from the undesirable effects of mineral development." According to them, the maximum amount of constitutionally permissible protection includes compensation for lost use, meaning Continental is liable under Chapter 45-5A. They also point to § 45-5A-1, Chapter 45-5A's "Legislative findings" section, which provides, in relevant part, that "[s]urface owners should be justly compensated for injury to their persons or property and interference with the use of their property occasioned by mineral and oil and gas development." The Browns say this section also entitles them to compensation for lost use.

Section 45-5A-4 clearly articulates three categories of compensable harm. The Browns seek damages for lost use, which is not one of the categories. They try to infuse ambiguity into the statutory scheme by pointing to Chapter 45-5A's purpose and legislative findings sections. *See* S.D.C.L. §§ 45-5A-1, 45-5A-2. While these sections may help a court interpret ambiguous statutory language, we find none in § 45-5A-4. *See generally McDonald v. Sch. Bd. of Yankton*, 246 N.W.2d 93, 96 n.2 (S.D. 1976) (finding "a policy statement . . . unnecessary for the purpose of construction" where the statute was unambiguous). The Browns have

---

[4]For this analysis, we assume arguendo that the Browns own their pore space.

not suffered compensable harm under South Dakota law, so the district court did not err in granting summary judgment.

Our understanding of § 45-5A-4 is supported by the Supreme Court of Montana's interpretation of a similar statute. In *Burlington Resources Oil & Gas Co. v. Lang & Sons Inc.*, the Supreme Court of Montana found that pore space use was not compensable under the state's developer liability statute. 259 P.3d 766, 771 (Mont. 2011). The Montana Code, like South Dakota's, provides that an "oil and gas developer" is liable for "damages sustained by the surface owner for [1] loss of agricultural production and income, [2] lost land value, and [3] lost value of improvements caused by oil and gas operations." Mont. Code Ann. § 82-10-504(1)(a) (2007). The *Lang* court found only three distinct groups of compensable harm, and declined to imply a remedy for lost use. *Lang*, 259 P.3d at 771. So too here. Section 45-5A-4 does not capture the kind of harm the Browns assert, so they cannot recover.[5]

III.

The judgment of the district court is affirmed.

_____

---

[5]The Browns say they are entitled to treble damages under S.D.C.L § 45-5A-4-1 for Continental's alleged failure to negotiate in good faith. As the district court explained, the Browns cannot recover under S.D.C.L § 45-5A-4-1 because they have not suffered compensable harm.